REBMAN v. McKINLEY.

*Appeal from Dubuque District Court — Monday, December 11.*

EVIDENCE: ERROR WITHOUT PREJUDICE.

THE petition states that the defendant employed plaintiff to fill, macadamize, curb, etc., the one-half of a certain street in the city of Dubuque, abutting on property owned by defendant; that by the terms of such employment plaintiff was to furnish the materials for said work; that he did furnish the materials and performed the work. The value of the work and materials is averred and judgment demanded.

The answer is a full and specific denial of any employment whatever by him, of plaintiff, to do the work or any portion of it, or to furnish any materials whatever therefor.

The cause was tried to a jury. Verdict and judgment for defend-ant. Plaintiff appeals.

*Crane & Rood* for the appellant — *B. W. Poor* for the appellee.

MILLER, J. — On the trial of the case in the court below, the plain-tiff, to maintain the issue on his part, was sworn as a witness, and testi-fied as follows: "I am plaintiff in this action; I did the work and fur-nished the materials sued for; I was employed by Wm. L. Bradley, who was agent for defendant McKinlay, to sell his house; I went to Bradley and requested him to write to McKinlay about having Eleventh street macadamized adjoining his lot; he afterward came to me on the street and said he had a letter from McKinlay, and told me what it was (witness here produced the original letters, from Bradley to defendant and from defendant to Bradley, which were read in evidence against defendant's objection, and are as follows):

"DUBUQUE, *April* 19, 1870.
"JAMES M. McKINLAY, Esq., New York:

"Dear Sir — I have delayed writing in hopes that I might be able to report prospect of a sale. When the railroad is started, I think prop-erty will be more active, and there will be a chance to dispose of your house at the rate you ask ($7,000). There are some parties talking about renting it, and it can be rented as soon as Mr. Herod moves out. The city has ordered Eleventh street graded and macadamized, the contractor receiving one dollar per lineal foot. Times are dull here at present, and we now look to the D. & M. R. R. to give us a start by bringing in some strangers with capital. As soon as I receive an offer, will report. Yours, truly,
"WM. L. BRADLEY."

"NEW YORK, *April* 22, 1870.
"W. L. BRADLEY.

"Dear Sir — I have your letter dated 19th inst. By the same mail I received one from E. H. Moore, wanting to rent my house, or rather asking me to give him the refusal of it. I have told him that you have the agency to sell it, that you may deem it advisable to rent it again for some time, though I think not, and that, under the circum-stances, I must refer him to you. If there is no present prospect of selling it at the price I have fixed on as a minimum, then it had better be rented, and I will have you to select a tenant, fixing the ten-ancy so as not to materially interfere with a sale, should a favorable opportunity arrive. My brother Robert informed me about the order to grade and macadamize; I have the money to pay for it when the work is done and time of payment arrives. Mr. Herod has not in-formed me definitely as to when he intends to leave the house; you

can find out from him in case you see fit to rent it. You say " when the railroad is started " you think property will be more active, I do not know what road you refer to; I have not received a paper from Dubuque in a long while. I am, yours truly,
" JAMES M. McKINLAY."

Plaintiff then further testified that he did not recollect that he saw the letter from McKinlay to Bradley, and that he did not do any work, or furnish any of the materials sued for, until after Bradley told him that he had received the letter from McKinlay, and told him what it was.

Question. What was the value of the labor performed and material furnished by you in macadamizing, guttering, filling and excavating and curbing the south one-half of Eleventh street, between Locust streetand the center of the alley, between said Locust street and Main street ?

Defendant objected to the question, on the ground that it was immaterial, for the reason that no evidence had been offered tending to show an employment by the plaintiff. The court sustained the objection, to which ruling the plaintiff then and there duly excepted. The plaintiff then offered to prove by the witness that the work and labor performed and materials furnished by plaintiff, as alleged in the petition, were under the supervision of, and were accepted by, the city council of the city of Dubuque, Iowa. The defendant objected to the evidence, on the ground that it was immaterial and incompetent, unless plaintiff undertook to show that the city council awarded a contract for said work and materials to plaintiff. Plaintiff stated that he did not propose to show any contract between him and said city for said work and materials, therefore the court sustained defendant's objection, and refused to admit said evidence, to which ruling plaintiff then and there excepted.

Plaintiff then offered to prove by Wm. Bradley, that he exhibited to plaintiff, for his examination, the letter from defendant to the witness before plaintiff performed any of the work, or furnished any of the materials sued for. Defendant objected, on the ground that it was immaterial. The objection was sustained and plaintiff excepted.

Plaintiff then offered to read to the jury the following resolution of the city council of Dubuque, passed March 4, 1870,

" Be it resolved, that the following streets be graded, guttered, curbed and macadamized at the expense of the abutting property, viz., Eleventh street from Main to Bluff street ; Fifteenth street from Main to the east line of Iowa street ; and Iowa street from Fifteenth to Seventeenth streets ; and that the committee on streets, of this council, is hereby directed to examine and report at the next session of the council, on what terms and conditions, and for what price they can procure the work to be done."

Defendant objected, on the ground that it was incompetent and immaterial unless plaintiff would undertake to show that the city council had awarded a contract to plaintiff, for the work and materials sued for, in pursuance with the resolution.

Plaintiff stated that he did not propose to show any contract with the city of Dubuque. Whereupon the court sustained the objection and plaintiff excepted.

This being all the evidence, the court instructed the jury that there was no evidence that plaintiff was employed by defendant to perform the work sued for, and directed them to find for defendant. This instruction is assigned as error.

There was certainly no evidence tending to prove that defendant had employed plaintiff to perform the work or furnish the materials sued for.

The effect of the letters was properly determined by the court, and they contain nothing which can be construed into an offer to pay any one who may choose to do the work, nor do they confer upon Bradley any authority to employ any one for that purpose.

The main fact in issue was, whether there had been an employment, and none of the proposed evidence which the court excluded would, had it been admitted, have tended in any degree to establish the affirmative of the issue. There was, therefore, no error prejudicial to plaintiff in its exclusion.

The judgment of the court below is

Affirmed.